No. 23-01068

In The

# United States Court of Appeals for the Fourth Circuit

ASSOCIATION FOR EDUCATION FAIRNESS,

*Plaintiff-Appellant*,

v.

MONTGOMERY COUNTY BOARD OF EDUCATION; DR. MONIFA B. MCKNIGHT,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Maryland
Case No. 8:20-cv-02540-PX
(The Honorable Paula Xinis)

**DEFENDANTS-APPELLEES' MOTION TO SUBMIT ON THE BRIEFS**

| | |
|---|---|
| JO-ANN TAMILA SAGAR | STEVEN F. BARLEY |
| NATHANIEL A.G. ZELINSKY | HOGAN LOVELLS US LLP |
| HOGAN LOVELLS US LLP | 100 International Drive, Suite 2000 |
| 555 Thirteenth Street, NW | Baltimore, MD 21202 |
| Washington, DC 20004 | Telephone: (410) 659-2700 |
| (202) 637-5600 | Facsimile: (410) 659-2701 |
| | steve.barley@hoganlovells.com |

*Counsel for Defendants-Appellees*

Pursuant to Fourth Circuit Local Rule 34(e), Defendants-Appellees Montgomery County Board of Education and Dr. Monifa B. McKnight (collectively, "MCPS") respectfully move the Court to submit the intervention issue on the briefs. Oral argument is unnecessary here, where this Court has already received extensive briefing on the intervention issue, including supplemental briefs in which the parties answered the Court's questions. Moreover, the intervention issue is not the central focus of this case. This Court should remove this case from its argument calendar.

## BACKGROUND

MCPS offers accelerated and enriched instruction for highly able students through several different programs, including its middle school magnet programs. In September 2020, Plaintiff-Appellant Association for Education Fairness ("Association") sued MCPS, claiming that the race-blind, holistic process in which MCPS screened and selected students for the middle school magnet programs violated the Equal Protection Clause of the Fourteenth Amendment. *See* Dct. Dkt. No. 1.[1] The Association later amended its complaint. *See* Dct. Dkt. No. 51 at 32-35. The District Court ultimately dismissed the amended complaint for failure to state a claim, *see* Dct. Dkt. No. 99, and denied the Association's Rule 60(b) motion for relief from judgment, *see* Dct. Dkt. 112. In this appeal, the Association

---

[1] "Dct. Dkt. No." references the District Court's docket, *Association for Education Fairness v. Montgomery County Board of Education*, No. 8:20-cv-02540-PX (D. Md.). "COA Dkt. No." references this Court's docket.

1

challenges those rulings. *See* COA Dkt. 14 at 4 (Association explaining the nature of its appeal).

This Court had initially ordered the opening brief be filed on March 13, 2023. *See* COA Dkt. No. 9. However, the Association filed a motion to place this case in abeyance pending this Court's resolution of *Coalition for TJ v. Fairfax County School Board*, No. 22-1280 (4th Cir.). COA Dkt. No. 14. As the Association explained, there is some overlap in the legal issues in the two appeals. In explaining one of its two alternate holdings on the motion to dismiss, the District Court had expressly relied on Judge Heytens' opinion at the stay-stage in *Coalition for TJ*. For the same reason, MCPS agreed that the case should be held in abeyance pending this Court's resolution of *Coalition for TJ*. *See* COA Dkt. No. 16.[2] This Court then granted the motion, "plac[ing] this case in abeyance pending a decision by this court in [*Coalition for TJ*]." *See* COA Dkt. No. 20.

While the parties were briefing the abeyance issue, the Montgomery County Branch of the NAACP, Montgomery County Progressive Asian American Network, Asian American Youth Leadership Empowerment and Development, and CASA, Inc. ("Proposed Intervenors") filed a motion for leave to intervene in this matter. *See* COA Dkt. No. 18. The Court ordered the parties to respond to the Proposed

---

[2] MCPS disagreed with the Association's further request that the Court hold the case in abeyance pending the denial of a petition for certiorari in *Coalition for TJ*. *See* COA Dkt. No. 16 at 6-11.

2

Intervenors' motion. *See* COA Dkt. No. 19. The parties filed responses. *See* COA Dkt. Nos. 21, 22. The Proposed Intervenors filed a reply brief. *See* COA Dkt. Nos. 23, 24.

After the intervention motion was fully briefed, the Court ordered supplemental briefing. *See* COA Dkt. Nos. 25, 26. The Court's supplemental briefing order directed the parties to answer, in writing, four specific questions regarding intervention. *See* COA Dkt. No. 26 at 2. The Parties filed supplemental briefs addressing the Court's questions. *See* COA Dkt. Nos. 27, 29. The Proposed Intervenors also filed a supplemental brief. *See* COA Dkt. No. 32. The Proposed Intervenors later moved to file, in addition to their supplemental brief, a reply to MCPS's supplemental brief. *See* COA Dkt. No. 34. That motion remains pending.

The Court has now tentatively calendared the motion to intervene for oral argument. *See* COA Dkt. No. 33.

## ARGUMENT

1. The Parties and the Proposed Intervenors have extensively briefed the intervention issue. *See* COA Dkt. Nos. 18, 21, 22, 24. Indeed, the Court has already asked—and the Parties and the Proposed Intervenors have already answered—specific questions regarding intervention. *See* Dkt. Nos. 26, 27, 29, 32. The Court developed those questions after it had seen the Parties' and the Proposed Intervenors' initial briefing on intervention, in much the same way that the Court develops oral

3

argument questions after examining the briefing on a particular matter. In MCPS's view, oral argument on the intervention issue is therefore unnecessary to the Court's resolution of the issue.

2. Moreover, the intervention issue is ancillary to this appeal. Although Proposed Intervenors filed an intervention motion in the District Court, *see* Dct. Dkt. No. 69, and the District Court denied that request, *see* Dct. Dkt. No. 99 at 2, 24, the Proposed Intervenors did not appeal that ruling. Instead, the focus of this appeal is the Association's challenge to the District Court's rulings granting MCPS's motion to dismiss and denying the Association's motion for relief from the judgment.

Despite its ancillary nature, the intervention issue is delaying the Court's resolution of the merits of this case. This Court had placed the case in abeyance pending its decision in *Coalition for TJ*. *See* COA Dkt. No. 20. However, this Court has now issued the decision that the parties were waiting for. *See Coal. for TJ v. Fairfax Cnty. Sch. Bd.*, 68 F.4th 864, 871 (4th Cir. 2023). The case is poised to come out of abeyance. And the Parties await a new briefing schedule on the merits. Instead of preparing for oral argument on the intervention issue, the Parties could be preparing their merits briefs. Oral argument on the intervention issue may therefore delay this Court's resolution of the merits of the Association's appeal. Given the costs of delay to MCPS and the community it serves, MCPS urges the Court to resolve the intervention issue without oral argument.

4

3. Counsel for the Association indicates that the Association takes no position on this motion. Counsel for the Proposed Intervenors indicates that the Proposed Intervenors oppose this motion.

## CONCLUSION

For the foregoing reasons, MCPS respectfully requests that the Court submit the intervention issue on the briefs.

Respectfully submitted,

| | |
|---|---|
| JO-ANN TAMILA SAGAR<br>NATHANIEL A.G. ZELINSKY<br>HOGAN LOVELLS US LLP<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>(202) 637-5600 | /s/ Steven F. Barley<br>STEVEN F. BARLEY<br>HOGAN LOVELLS US LLP<br>100 International Drive, Suite 2000<br>Baltimore, MD 21202<br>Telephone: (410) 659-2700<br>Facsimile: (410) 659-2701<br>steve.barley@hoganlovells.com |

*Counsel for Defendants-Appellees*

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 23-01068     Caption: Ass'n for Ed. Fairness v. Montgomery Cnty. Bd. of Ed.

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

**Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✔] this brief or other document contains __1,014__ [*state number of*] words

[ ] this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✔] this brief or other document has been prepared in a proportionally spaced typeface using Microsoft Word [*identify word processing program*] in 14 point Times New Roman [*identify font size and type style*]; **or**

[ ] this brief or other document has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) Steven F. Barley

Party Name Steven F. Barley

Dated: June 26, 2023

Print to PDF for Filing     Reset Form     04/12/2020 SCC

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Steven F. Barley
Steven F. Barley